## RIFFLE, Admr. v STATE AUTO MUTUAL INS. ASSN.

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11216.   Decided June 29, 1931

Howell, Roberts & Duncan, Cleveland, for Riffle, Admr.

Merrick & Walsh, Cleveland, for State Auto Mutual Ins. Assn.

JUSTICE, PJ, CROW and KLINGER, JJ, (3rd Dist) sitting.

JUSTICE, PJ.

In **Union Trust Company v Lessovitz, et al, 122 Oh St 407,** the Supreme Court held:

"7. Where no motion to dismiss has been filed, or if filed has been withdrawn, the Court of Appeals will hear the appealed cause, unless the appellant dismisses his appeal or elects to hear his error proceeding."

The motion to dismiss the appeal is, therefore, overruled.

Coming now to the merits of the cause. The sole issuable fact is: Was Wilson intoxicated at the time of the collision? Defendant claims he was. Plaintiff denies it. The evidence is in dispute. To review the evidentiary facts will serve no useful purpose as all concerned are fully advised. Suffice it to say that after a careful consideration of all the evidence touching this disputed proposition, a majority 'of the Court is persuaded that defendant upon whom rests the burden of proof has failed to establish by a preponderance of the evidence that Wilson was intoxicated at the time of the accident. The majority of the court, therefore, concludes that plaintiff is entitled to a finding in his favor as prayed for and that a decree should be rendered in his favor similar to that entered in the Court of Common Pleas.

Decree accordingly.

KLINGER, J, concurs.

CROW, J, dissents, being of the opinion that the preponderance of the evidence is with the defendant on the issue of intoxication.